VICTOR J. LORING, administrator, *vs.* FRANK W. WISE, administrator.

Suffolk.    January 17, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, & CROSBY, JJ.

*Executor and Administrator.    Probate Court.    Interest.*

Under R. L. c. 150, § 14, the Probate Court is the proper tribunal to determine the allowance for the expenses incurred and the disbursements made by an administrator *de bonis non* with the will annexed.

Interest received by an administrator *de bonis non* with the will annexed upon a deposit by him in a trust company of money of the estate of his testator must be accounted for by him as earnings of a fund belonging to the estate.

Where an administrator *de bonis non* with the will annexed has incurred expenses for stenographers' charges for services at hearings before an auditor appointed by the Probate Court which consumed about forty days and covered a large number of subjects but where the principal controversy and the great preponderance of the evidence before the auditor related to charges of fraud and conspiracy against the administrator and his counsel, which the auditor and the judge of the Probate Court found to be groundless, it cannot be said that such expenses were largely the result of wrongful conduct on the part of the administrator or that they were unreasonable, and the charges properly may be allowed within the discretion of the Probate Court.

In the same case it was *held* that the administrator properly might be allowed a charge for $2,500 paid as reasonable compensation for the services of counsel employed by the administrator to act for him at the hearings before the auditor on the charges of fraud which were found to be groundless.

In the same case it was *held* that the administrator, who was a member of the bar, properly might be allowed the sum of $650 for the services of himself and his associate in preparing for and attending the hearings before the auditor and for expenses incurred for copies made by a stenographer and required at these hearings, where a master, to whom the case was referred on appeal to the Supreme Judicial Court, found that the services so rendered were of an extraordinary nature and were necessary and that they lessened the work and the charges of the counsel employed to act for the administrator at the hearings, and also found that the administrator attended all of the hearings, which covered about forty days, and that his associate attended many of them.

Two APPEALS from a decree of the Probate Court for the county of Suffolk allowing in part and disallowing in part the fourth and final account of Victor J. Loring as administrator *de bonis non* with the will annexed of John C. Frye, late of Boston, one of the appeals being taken by Victor J. Loring, administrator as aforesaid, and the other being taken by Frank W. Wise, administrator *de bonis non* with the will annexed of George A. Frye.

The appeals were referred to a master, who filed a report, and later were heard by *De Courcy*, J. He denied motions made by Wise, administrator, to strike out a part of the master's report and to recommit the report to the master. He also made the following order:

"In the absence of evidence, the exceptions to the report taken by Loring, administrator, and those taken by Wise, administrator, are to be overruled, with the exception of No. 5 and No. 6 of Wise, administrator, which are sustained.

"The accountant is chargeable with the interest actually earned by the funds of the estate deposited in the bank by Loring as administrator."

Afterwards by order of the single justice a final decree was entered in accordance with this order.

One of the items of the account stated in the decree was as follows:

"5. Interest on bank deposit to July 22, 1914   $1,615.78"

The decree contained the following orders: "and that the interest received by the accountant on funds of the estate since July 22, 1914, be accounted for in the Probate Court; that the allowance made by the decree of the Probate Court for expenses incurred during the hearings in the Probate Court on the fourth account be affirmed, and the question of the allowance of expenses incurred since said decree be referred to the Probate Court; and that the cause be remanded to the Probate Court with instructions to modify the decree appealed from in accordance with this decree, and for further proceedings."

The exceptions of Wise, administrator, numbered 5 and 6 were founded on his fifth and sixth objections to the master's report, which were as follows:

"5. The contestant objects to the master's report because the master has failed to charge the accountant with the amount of

interest received by the accountant to the time of the filing of the fourth account on funds of the estate of John C. Frye.

"6. The contestant objects to the master's report because the master has failed to find the amount of any interest received on the funds of the estate of John C. Frye subsequently to the filing of the account, although evidence of the amount of interest so received up to December 10, 1915, was before the master, and the master was requested by the contestant to find the amount of such interest, and because the master has failed to charge the accountant with any such interest."

Loring, administrator, and Wise, administrator, both appealed from the decree.

*V. J. Loring*, (*J. P. Sylvia, Jr.*, with him,) for Loring, administrator.

*H. L. Sampson*, for Wise, administrator.

CROSBY, J. These are appeals from a decree of a single justice of this court, entered on the fourth account of the administrator with the will annexed of the estate of John C. Frye. Both parties have appealed from a decree of the Probate Court and also from the decree entered by the single justice. The case was heard by an auditor appointed by the Probate Court, and by a master appointed after the appeals had been entered in this court.

1. The Probate Court is the proper place for the allowance of expenses incurred and disbursements made in the administration of the estate. R. L. c. 150, § 14. Under the statute cited the administrator is entitled to be allowed his reasonable expenses incurred in the execution of his trust and is to have such compensation for his services as the Probate Court may allow. It cannot be contended that the exclusive jurisdiction to allow costs and expenses is vested in this court as the Supreme Court of Probate under R. L. c. 162, § 44. This is settled by the case of *Ensign* v. *Faxon*, 224 Mass. 145, recently decided by this court. In that case it was said at page 147, that "Those are matters relating to the management and disposal of the *corpus* of a trust which is under the control of the Probate Court. They are probate affairs. . . . R. L. c. 162, § 44, has no effect upon this general proposition. That statute simply gives power to the Probate Court or supreme court of probate in appropriate instances to tax costs and expenses to either party as against the other or out of the estate. It sup-

plements the inherent power of those courts. In instances where costs and expenses are sought by a defeated party out of the estate, or by a victorious party against his opponent, the statute offers the only channel by which an award relating thereto can be made. But that statute in no degree narrows or impairs the general powers of a court of probate." Such expenses are incurred in administering the estate; they should be paid by the executor or administrator, and presented for allowance in his account.

2. The record shows that the administrator deposited funds of the estate with a trust company and up to July 22, 1914, had received as interest thereon the sum of $1,615.78. The single justice rightly held that such amount properly was accounted for by the administrator. If interest upon money is actually received by an executor or administrator it must be accounted for. It is the earnings of a fund which belongs to the estate and should inure to the use of those in whom such estate ultimately vests. *Stearns* v. *Brown*, 1 Pick. 530. *Boynton* v. *Dyer*, 18 Pick. 1, 6, 7. *Williams* v. *American Bank*, 4 Met. 317, 324. *Thompson* v. *Knapp*, 223 Mass. 277.

There is no error in that part of the decree which provides that interest received by the administrator on funds of the estate since July 22, 1914, is to be accounted for in the Probate Court. R. L. c. 162, § 23.

3. It is contended that the administrator properly could not be allowed as expenses the amounts paid by him for stenographers' charges incurred in the hearings upon the allowance of his third account. It is apparent that the controversy over this account was protracted and acrimonious; the hearings before the auditor appointed by the Probate Court and in the Probate Court itself consumed about forty days and involved the consideration of a large number of matters. The master finds that the principal controversy and the great preponderance of the evidence before the auditor related to charges of fraud and conspiracy against the administrator and his counsel. The auditor found these charges to be groundless; and the judge of probate stated that, having re-examined the testimony, he was of the same opinion. While the judge of probate found the administrator's charges to be excessive and reduced the item for those charges from about $21,000 to $16,000, it is found by the master that a large

amount of the expense for stenographers' bills was incurred by reason of charges of malfeasance against the administrator which were not sustained. The master found that it was necessary to meet and disprove these charges and that by the employment of stenographers the hearings were much shortened. The fact that the administrator's charge for services was reduced to the extent of about $5,000, does not necessarily require the conclusion that the expense of the hearings was caused by his fault, as it appears that the greater part of the expense was incurred to meet the unfounded accusations of fraud and conspiracy; and it cannot be said that such expenses were largely the result of wrongful conduct on the part of the administrator, or that they were unreasonable. The expenses could have been found to have been incurred under such circumstances as to entitle the administrator to reimbursement in the discretion of the court. *Turnbull* v. *Pomeroy,* 140 Mass. 117, 118. *Bridge* v. *Bridge,* 146 Mass 373, 377. *May* v. *Skinner,* 149 Mass. 375, 380. If the master and the single justice agree upon a finding, ordinarily it will not be disturbed. *Shepperson* v. *Pearse,* 170 Mass. 206. *Goodell* v. *Goodell,* 173 Mass. 140, 146. Cases where executors, administrators, or trustees are refused an allowance for expenses incurred in litigation occasioned by their fault are distinguishable from the case at bar. *Bogle* v. *Bogle,* 3 Allen, 158. *Blake* v. *Pegram,* 109 Mass. 541, 558. *Urann* v. *Coates,* 117 Mass. 41, 44.

4. The charge in the account of $2,500 for expenses paid to Cotter and Marden, attorneys employed by the administrator to act for him at the hearings upon the third account, is objected to by the contestant, although the report of the master recites that "as between accountant and themselves" it is reasonable. We understand this to mean that the charge is reasonable in amount. The general rule that executors and administrators who are obliged to employ counsel in the settlement of their accounts shall be allowed to charge to the estate their reasonable fees cannot be doubted. *Forward* v. *Forward,* 6 Allen, 494. In view of the charges of fraud made against the administrator, and of all the circumstances, it cannot be said that the employment of counsel was without justification or that the charges for such services were unreasonable. The master found that the charge was proper and the single justice has sustained that finding.

5. Item 17 of the fourth account is a charge of $1,262.64 for services of the administrator and his associate John P. Sylvia, Jr., in preparing for, and attending, the hearings before the auditor, and for expenses incurred for copies made by a stenographer and required at such hearings. The judge of probate allowed for these services and disbursements the sum of $650. The master has found that the services so rendered were of an extraordinary nature and were necessary, and that they lessened the work and charges of Cotter and Marden who acted as counsel for the administrator at the hearings. He also found that such hearings covered about forty days; that the administrator attended all of them, and Mr. Sylvia many of them. The finding of the single justice that this item should be allowed for $650, as found by the judge of probate and by the master, is not erroneous.

It results that the final decree must be affirmed, and the case remanded to the Probate Court for further proceedings.

*So ordered.*