CHARLES P. PAONE, special administrator and administrator, & another vs. BURTON W. GERRIG & others.

Suffolk.  November 9, 1972. — January 5, 1973.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Executor and Administrator*, Compensation, Counsel fees. *Attorney at Law*. *Probate Court*, Appeal.

Where a report of material facts by a judge of probate was so inadequate as to be a virtual nullity but the evidence was reported, this court decided the case on its own judgment, giving no weight to the action of the judge. [758–759]

An administrator with the will annexed and his counsel, who, at the time of disposition of a petition to vacate the decree allowing the will and appointing the administrator, did not seek fees for services in opposing the petition, were not thereby barred from seeking such fees at a later time by petition or in connection with the administrator's account. [762–763]

There was no merit in a contention by the heirs of a decedent that the administrator with the will annexed of her estate and the administrator's counsel were not entitled to compensation from the estate for their services in successfully opposing a petition to vacate the decree allowing the decedent's will and appointing the administrator, or in a contention by the heirs that any fee allowed the counsel should be determined according to "conservative principles" because they had not retained him. [763–764]

This court determined the proper fees to be allowed the administrator with the will annexed of an estate of some $75,000 and his counsel in the circumstances, including services in a justifiable investigation of a claim by one that he was the surviving husband of the decedent and services in opposing a petition to vacate the decree allowing the decendent's will and appointing the administrator. [764]

PETITIONS filed in the Probate Court for the county of Suffolk for allowance of fiduciary accounts.

The petitions were heard by *Mahoney, J.*

*Marshall M. Schribman* for the respondents.

*Francis H. Farrell* for the petitioners.

WILKINS, J.   The respondents challenge the amount of the fees allowed to the petitioner Paone (Paone) for his services as special administrator and administrator with the will annexed of the estate of Helen Gerrig and

the amount of the fees allowed to Paone's counsel, Mr. Francis H. Farrell (Farrell). The respondents are Mr. Burton W. Gerrig, who is now co-administrator with the will annexed, the decedent's husband Morris Gerrig (Gerrig) and the guardian of Beverly R. O'Hara, the daughter of a sister of the decedent. The decedent's will, executed under her maiden name after her marriage to Gerrig, gave all of her property equally to two sisters, or the survivor. Neither sister survived the decedent. Gerrig and the daughter of the decedent's sister are the heirs at law.

The respondents specifically appeal from a decree after hearing allowing the special administrator's first and final account, amended so as to increase the amount shown as Paone's fee as special administrator from $1,200 to $2,400 and the amount shown as Farrell's fee as "Atty. and Investigation" from $1,600 to $4,800 exclusive of disbursements of $276.38.[1] The respondents also appeal from a decree allowing the substitute first and final account of Paone as administrator with the will annexed, which, although providing no further fees for Paone or Farrell, did reflect the consequences of the allowance of such fees in the account of the special administrator.[2]

The judge filed a report of material facts with respect to the allowance of each account. The evidence is reported. The report of material facts, which merely recites changes in amounts to be shown for certain line items in the probate accounts, clearly fails to meet the statutory requirement (G. L. c. 215, § 11) that the judge report all material facts on which his decision

---

[1] At the time of the hearing concerning fees Paone had already been paid $1,200 as special administrator and Farrell had been paid $1,600 as attorney. A petition, filed in February of 1970, by Farrell for $4,500 in fees as attorney for the administrator (apart from his disbursements) was before the court but was not acted upon directly. A petition by Paone, filed in March of 1970, for fees as administrator in the amount of $1,650 was also on file and was also presumably before the court. It was not acted upon directly.

[2] Paone is now serving with Mr. Burton W. Gerrig as co-administrator with the will annexed.

is based.[3]   However, where, as here, the evidence is
reported and particularly where no specific challenge
to the report of material facts was made in the Probate
Court, the familiar standard of review is applicable
despite the total inadequacy of the report made by the
judge.[4]   It is thus our duty to examine the evidence
and to decide the case according to our own judgment,
on all questions of law, fact and discretion, giving due
weight to any findings of the judge, which will not be
reversed unless plainly wrong.   *White* v. *White,* 322
Mass. 30, 31.   In the absence of any findings by the
judge in the report filed by him, under this standard
of review this court may decide the case on its own
judgment, giving no weight to the action of the judge.[5]

---

[3] If the evidence had not been reported, the decrees could not have
stood on appeal because the "facts" set forth in the report clearly do
not support the judge's decision.   *Tenczar* v. *Tenczar,* 332 Mass. 105,
106.

[4] A party aggrieved by what he believes to be an insufficient report
of material facts by a probate judge has certain alternatives available
to him.   These possible remedies are considered in *Sullivan* v. *Sullivan,*
320 Mass. 114, 115–116, and *Vergnani* v. *Vergnani,* 321 Mass. 699, 701–
702.   See also *Adams* v. *Adams,* 308 Mass. 584, 587; and *Moutinho* v.
*Moutinho,* 342 Mass. 171, 172.   To be sure, the alternative of request-
ing the judge to amplify his findings was unavailable here because the
judge retired almost immediately upon the filing of the report of
material facts.   However, rather than challenging the sufficiency of the
report in the Probate Court, the respondents have protected them-
selves by taking steps to have the evidence reported to this court.
The respondents do not contend that with the evidence reported they
are harmed by the form of the report of material facts.   We need not
decide here whether, if rights are properly saved in the Probate Court,
an appealing party may ever successfully challenge the sufficiency of
a report of material facts where the evidence is reported.   See *Bannish*
v. *Bannish,* 357 Mass. 279, 280, where the judge was unable to respond
to requests for reports of material facts because of his appointment to
another court before those requests were filed, and this court concluded
that, at least in the circumstances there present, including a report of
the evidence, the absence of reports of material facts did not harm the
appealing party.

[5] We do not see as applicable here, even where the report of material
facts is a virtual nullity, the rule which applies where the evidence is
reported, there is no request for a report of material facts and none
is filed.   That rule is that the decree imports a finding of all facts, open
on the evidence, needed to support the decree and that the findings
must stand unless plainly wrong.   *Williams* v. *Howard,* 330 Mass. 323,
325.   In these circumstances it would be unfair to the respondents for
this court to imply the finding of facts necessary to support the decrees
of the Probate Court where the judge himself in response to a request
for a statutory report failed to make such findings.

In fulfilling this task the court has unfortunately been obliged, without the assistance of findings by the judge who heard the witnesses, to review a record which presents for determination the credibility of witnesses but fortunately no conflict in the testimony of those witnesses.

The estate consisted of about $49,700 in personal property and a house and land valued at $25,000. Certain claims against the estate were investigated by Farrell. One has not been disposed of and is in litigation.

The evidence shows that Paone served as special administrator from March 5, 1969, to May 22, 1969, and thereafter as administrator until August, 1969. During that period Paone was represented by Farrell. Farrell testified that he worked for 195 hours on the estate, he charged about $35 an hour for his time, and he was seeking a total fee of $6,400 and an amount of $276.38 for disbursements. Farrell's testimony concerning the time devoted by him to various problems and the necessity or reasonableness of his various efforts was in many instances very general.

Paone testified that he spent about 190 hours working on matters for the estate for which he charged $15 an hour. Paone testified that he was seeking a total of $2,850 for his services. Much of Paone's time was devoted to the performance of necessary details concerning the preservation of assets of the estate. The tasks performed in numerous instances, however, were hardly complicated or challenging. For example, four or five times a week he drove by the decedent's house (but apparently did not stop) to see that all was in order. Each trip took fifteen or twenty minutes. He and Farrell also spent a considerable, but unspecified, amount of time with respect to the defence of a petition of Gerrig to vacate the decree allowing the will and appointing Paone as administrator with the will annexed. Without a more detailed explanation in the record, it is not possible for this court to conclude that all of the hours spent

by Paone were necessary and well spent, particularly in light of the number of hours also spent by Farrell.

The only unusual feature about this estate was the discovery after the decedent's death that the decedent (who had been assumed by most, if not all, of her acquaintances to be unmarried) was survived by a husband, Gerrig. Farrell spent a great deal of time investigating Gerrig's claim that he had married the decedent and was still married to her at her death. Farrell's suspicion concerning Gerrig's claim that he was the surviving spouse was reasonable because of the unwillingness of Gerrig's then counsel (his nephew) to permit Farrell to talk with his client about his marital status in relation to the deceased. This suspicion justified, if it did not require, further investigation by Paone or Farrell, or both, concerning the claim of Gerrig that he was the surviving spouse. On the record, however, it is not clear that all aspects of the investigation were necessary.[6]

In June of 1969, shortly after Gerrig's then attorney declined to permit Farrell or Paone to talk with Gerrig, Gerrig filed a petition to vacate the decree allowing the will and appointing Paone as administrator with the will annexed. This petition alleged that there had been fraudulent representations (by persons not named in the petition) upon which Gerrig relied at the time he assented to the allowance of the will.[7] In July of 1969, after two days of trial on the petition to vacate the decree allowing the will and appointing Paone, at which Paone was represented, not only by Farrell but also by specially retained trial counsel, a settlement was

---

[6] This investigation included unexplained trips "a couple of times to the State of Vermont," and "a couple of times to Washington," as well as "many, many conferences with people in the Federal Building." There was evidence that Gerrig had been "an examiner in the United States Immigration and Naturalization [*sic*]."

[7] The evidence before us shows that Gerrig was represented by counsel at the time the alleged misrepresentations were made. In fact the petition for allowance of the will and for the appointment of Paone as administrator with the will annexed was presented to Gerrig for his assent through his counsel.

reached. Counsel for Gerrig was appointed co-administrator with the will annexed to serve with Paone, and Gerrig's petition to vacate Paone's appointment was dismissed with prejudice and the petition was impounded. No petitions for counsel or administrator's fees were presented at the time of the entry of the decree dismissing the petition to vacate the decree allowing the will and appointing Paone as administrator.

The respondents contend that Paone and Farrell are not entitled to fees in connection with the defence of the petition to vacate the decree appointing Paone as administrator because they could have obtained proper approval of their fees in connection with that defence only by a court order at the time of the dismissal of that petition. They further claim that the services of Paone and Farrell in connection with the petition to vacate the decree did not benefit the estate, and, therefore, Paone and Farrell may not be compensated from the estate for their efforts in that defence. Finally, the respondents argue that any fees allowed to Farrell should be determined according to conservative principles because the heirs did not retain Farrell and that, in any event, the fees allowed by the judge were excessive and unsupported by the evidence.

Neither an administrator nor his counsel is required at the time a decree is entered resolving a dispute to seek an allowance of his fees for services in connection with the resolution of that dispute. He may appropriately wait to present those fees for approval at a later time, either by petition or in connection with an account of the fiduciary. See G. L. c. 206, § 16, as appearing in St. 1949, c. 140 ("An . . . administrator . . . shall be allowed his reasonable expenses, costs and counsel fees incurred in the execution of his trust . . ."). See also G. L. c. 215, § 39A, and *Condon* v. *Haitsma,* 325 Mass. 371, as to the right of an attorney for the estate to petition for the allowance of fees "[a]t any time during the administration of . . . [the] estate, and irrespective of the pendency of a particular proceeding."

See Newhall, Settlement of Estates (4th ed.) § 278, as to the inclusion of fees of a fiduciary and his counsel in an account.

There is no substance to the respondents' argument that Paone and Farrell may not be compensated from the estate for their services in defence of Gerrig's petition to vacate the decree allowing the will and appointing Paone. A fiduciary is entitled to a fee for his costs and expenses, including reasonable counsel fees, incurred in defence of an attack on his status as administrator, especially where no wrongdoing on his part has been established and the petition to vacate the decree appointing him is dismissed with prejudice (indeed the petition is impounded by the court). G. L. c. 206, § 16. See *Loring* v. *Wise,* 226 Mass. 231, 234–235; *Berkshire Trust Co.* v. *Booth,* 317 Mass. 331, 335–336; *Attorney Gen.* v. *Olson,* 346 Mass. 190, 202.

The standards to be applied in determining the reasonableness of the fees to be allowed to Paone and Farrell are well-established. As to a fiduciary such as Paone, a number of factors, none of them alone decisive, are appropriate to consider, such as "[t]he size of the estate, the marketable nature of the assets, the factual and legal questions involved in its administration, the time reasonably required for completing the work, the skill and ability employed, the amounts usually paid others for similar work, and the results accomplished . . .." *McMahon* v. *Krapf,* 323 Mass. 118, 123. As to the fair and reasonable charges of an attorney somewhat comparable criteria are relevant. *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569. We find no merit to the respondents' claim (citing *Lewis* v. *National Shawmut Bank,* 303 Mass. 187, 191) that because Farrell was retained by Paone, and not by the heirs at law, his compensation should be measured on a different standard. The answer is that because Farrell was retained by Paone, the principles of the *Cummings* case apply, and the principles of the *Lewis* case, which considered the standard to be applied in allowing counsel fees as costs

where there was no contractual relationship between counsel and the representative of the estate, do not apply. We come thus to our consideration of the amount of the fees which in our discretion should be allowed Paone and Farrell.

We are presented here with a request for the approval of fees and disbursements in excess of $7,200 in an estate which has assets of slightly less than $75,000. The estate is not closed; litigation against the estate is pending; and presumably further charges for the services of the co-administrators and their counsel will be imposed on the estate. However, Gerrig precipitated the need for much of the effort expended by Paone and Farrell by his non-coöperation and by his filing of a claim, which was never proved, of fraud in obtaining his assent to the allowance of the will and to the appointment of Paone as administrator.[8]  In all these circumstances, recognizing the various inadequacies of proof by Paone and Farrell referred to earlier in this opinion and that fees of $1,200 and $1,600 are provided for Paone and Farrell, respectively, in the account of the special administrator as originally filed, this court concludes that the decrees approving the accounts as amended should be reversed and decrees should be entered in the Probate Court, allowing (1) the special administrator's first and final account as filed, and (2) a second substitute first and final account of the administrator with the will annexed, revised to recognize a fee to Paone as administrator in the amount of $800 and a fee to Farrell as his counsel of $2,400, plus $276.38 for disbursements. Paone and Farrell may have the costs and expenses of this appeal in the discretion of the Probate Court.

*So ordered.*

---

[8] The respondents presented no evidence at the hearing concerning the allowance of these accounts which would support the claim of fraud.