CABLE MARINE, INC.,
Plaintiff-Appellant,

v.

M/V TRUST ME II, M. Whiting, Ronald Gurvin and Small Boat Rentals, Inc.,
Defendants–Appellees.

No. 80–5181
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 19, 1980.

Weaver & Weaver, Thomas D. Lardin, Fort Lauderdale, Fla., for plaintiff–appellant.

Ronald Payne, Fort Lauderdale, Fla., for defendants–appellees.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff appeals from the denial of attorney's fees incurred in its successful suit on a maritime lien. Holding the district court did not abuse its discretion in denying attorney's fees, we affirm.

Plaintiff filed suit on October 20, 1978, to recover for repairs it performed on a forty–one foot vessel owned by defendant. Plaintiff claimed $3,960 as the amount owed, plus costs and attorney's fees. Defendant, contending that it was overcharged for the repairs, had sent a check for $2,500 to plaintiff prior to the filing of suit, but plaintiff refused to accept this payment.

The parties engaged in settlement negotiations between the time the suit was filed and the time of trial. In March, 1979, defendant offered to settle the action in its entirety for $3,750. This offer was refused. At least six months prior to trial, defendant raised its settlement offer to $4,200, but this offer was also declined.

The bench trial took place on December 26 and 27, 1979. Finding that some overcharges did in fact exist, the court awarded plaintiff $3,460, plus interest and court costs. After a brief hearing, the court ruled that each party should bear its own attorney's fees. Plaintiff appeals from this ruling.

Attorney's fees generally may be awarded only when authorized by statute or contract. *See, e. g., Kessler v. Pennsylvania National Mutual Casualty Insurance Co.,* 531 F.2d 248, 255 (5th Cir. 1976); *Aerosonic Corp. v. Trodyne Corp.,* 402 F.2d 223, 228 (5th Cir. 1968). Attorney's fees are authorized in this case by the work order for the repairs, which provides for the allowance of reasonable fees to plaintiff in the event it is compelled to initiate collection proceedings. The district court, however, held that it would be unreasonable to assess attorney's fees against defendant. Although its reasons were not clearly articulated, the court apparently believed that plaintiff had acted unreasonably in not accepting either of the earlier settlement offers made by defendant and in forcing the cause to trial.

Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees that it has when applying a statute allowing for a discretionary award. *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 226 (5th Cir. 1975). Nevertheless, a court in its sound discretion may decline to award attorney's fees authorized by a contractual provision when it believes that such an award would be inequitable and unreasonable. *See, e. g., United States v. Mountain States Construction Co.,* 588 F.2d 259, 263 (9th Cir. 1978); *Manchester Gardens v. Great West Life Assurance Co.,* 205 F.2d 872, 878 & n.14 (D.C.Cir.1953); *Schmidt v. Interstate Federal Savings & Loan Ass'n.,* 421 F.Supp. 1016, 1019 (D.D.C.1976); *Consumers Time Credit, Inc. v. Remark Corp.,* 259 F.Supp. 135, 137 (E.D.Pa.1966). In *Manchester Gardens,* for example, the court held that attorney's fees may be withheld if the claim was pursued unnecessarily.

In this case, defendant had made generous settlement offers several months before trial. In fact, the second offer of $4,200 was only slightly less than the total of the full amount claimed by plaintiff as the cost of repairs, excluding the charges conceded by plaintiff at trial to be unjustified, and the amount claimed by plaintiff's attorney for his fees up to the date of trial.

Although the plaintiff may have been compelled to initiate a lawsuit to recover the repair costs, the district court could well have concluded that plaintiff acted unreasonably in incurring needless expense by

pursuing the suit beyond the offers of payment. We cannot hold that the court abused its discretion in denying an award of attorney's fees to plaintiff.

AFFIRMED.