KING WORLD PRODUCTIONS, INC. and Camelot Entertainment Sales, Inc., Plaintiffs,

v.

FINANCIAL NEWS NETWORK, INC. and Elio Betty, Defendants.

No. 85 Civ. 10036 (EW).

United States District Court, S.D. New York.

June 4, 1987.

---

**11.** I concur with defendants that this court has no jurisdiction over the instant dispute pursuant to 28 U.S.C. §§ 1331, 1361, 2201, or 2202.

Roberts & Moelis, New York City, for plaintiffs; Kenneth G. Roberts, of counsel.

Friedman, Leeds, Shorenstein & Armenakis, New York City, for defendants; Paul H. Appel, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The plaintiffs move that the Court make additional findings of fact on elements of damages and that the judgment be amended accordingly. The motion is granted to the extent hereafter indicated.

■ (1) Brokerage fees. It is clear that in order to mitigate damages plaintiffs were required to take action to secure a substitute tenant. Plaintiffs did so and in order to obtain (Perfumer) as a sub-tenant in place of defendant, enlisted the services of a real estate broker who plaintiffs represent has been or is about to be paid the brokerage fee of $8,067.85. Accordingly, brokerage fees are allowed in that amount.

■ Plaintiffs also seek counsel fees and disbursements incurred in the prosecution of this action based upon a provision in the agreement that plaintiffs are entitled to recover "any expenditures ... including but not limited to attorney's fees, in instituting, prosecuting or defending any action" in connection with "any default" by FNN. Another provision of the FNN sublease specifies King World is entitled to recover "attorneys' fees and expenses and court costs ... incurred in connection with

or arising from (i) any default" by FNN. The defendants seek to overcome the force of this express obligation upon a plea that the second amended complaint did not specify any contractual provision which provided for such fees and failed to make a demand therefor. But the agreement under which defendants were obligated to pay the fees was before the Court; the second amended complaint, in addition to a general claim of damages in the amount of $80,000, also requested such other and further relief as the Court deems proper; and finally plaintiffs' proposed findings of fact and conclusions of law expressly requested, "in addition to the damages occasioned by defendants' breach of the agreement ... the costs and expenses, including attorneys' fees of the action."

■ Plaintiffs seek a total allowance of such fees in the sum of $41,237.59. The Court regards this sum grossly excessive. Plaintiffs are entitled only to the fair and reasonable value of legal fees and disbursements necessarily incurred in prosecuting their claims against the defendants. The case, a simple breach of contract, presented no unusual or difficult legal problems. The trial proper took less than one day. "While parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys ... they may not foist their extravagances upon their unsuccessful adversaries." *Farmer v. Arabian American Oil Company*, 31 F.R.D. 191, 193 (S.D.N.Y.1963). Based upon the Court's knowledge and familiarity with the case, from its inception to conclusion, the legal issues and other pertinent matters, the Court deems a fee of $12,500 fair and reasonable.

The motion to amend the Court's findings of fact and conclusions of law is granted as indicated above and judgment may be entered accordingly, which shall also include a provision dismissing plaintiffs' claim against the defendant Elio Betty.

So ordered.