988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilson L. HARVILLE, d/b/a Harville Yachts, Plaintiff-Appellant,
v.
The YACHT CONTESSA, Her Engines, Boilers, Tackle, Etc., In
Rem, Fari Sabahi, In Personam, Defendants-Appellees.
 No. 91-56282.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CV-91-0158-S, Edward J. Schwartz, District Judge, Presiding.
 S.D.Cal.
 REVERSED AND REMANDED.
 Before HUG, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case concerns the distribution of proceeds from the sale of the Yacht Contessa pursuant to foreclosure on a secured maritime mortgage. The terms of the mortgage accorded Wilson Harville the right to attorney's fees incurred in exerting his right to retake the vessel and sell it to satisfy certain mortgage obligations if they became overdue. In addition, federal maritime statutes granted Harville the right to attorney's fees in this action. See 46 U.S.C. §§ 31304, 31325(b). Harville, along with several intervenors not parties to this appeal, claimed in excess of $40,000 in attorney's fees and costs before the district court. That court found Harville's request to be "totally inappropriate and excessive as to the amount of work that should have been performed in connection with this matter" and thus reduced the total fee award to $20,000.
 
 
 3
 Harville argues that the district court was without legal power to reduce the fee award to an amount the court thought reasonable. Even if the district court was so empowered, Harville contends, the district court abused its discretion by making its determination of reasonableness without considering the twelve factors set forth in Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975). Harville also contests the district court's dismissal of his in personam suit against Fari Sabahi. Finally, Harville asks for attorney's fees on this appeal. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 * We find the district court was legally empowered to make a determination of reasonableness concerning Harville's fee petition, which Harville as much as conceded at oral argument. This is true for the maritime statute authorizing fees, even though it does not explicitly use the term "reasonable." See Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7 (1983) ("[T]he standards set forth in this opinion [including a determination of reasonableness] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' "). Furthermore, as to the contractual mortgage provision, "a court in its sound discretion may decline to award attorney's fees authorized by a contractual provision when it believes that such an award would be inequitable and unreasonable." Cable Marine, Inc. v. M/V Trust Me II, 632 F.2d 1344, 1345 (5th Cir.1980) (citing, inter alia, United States v. Mountain States Construction Co., 588 F.2d 259, 263 (9th Cir.1978)). Accord, King World Productions v. Financial News Network, 834 F.2d 267 (2d Cir.1987), affirming 674 F.Supp. 438, 440 (S.D.N.Y.1987). See also California Civil Code § 1717 (West 1993).
 
 B
 
 5
 We reverse, however, because the district court failed to follow the dictates of Hensley v. Eckerhart, 461 U.S. 424 (1983) and Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), in making its determination of the reasonable amount of attorney's fees.[1]
 
 
 6
 The basic scheme for calculating attorney's fees was set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983). The trial court must calculate the presumptively appropriate lodestar award, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2] Id. at 433. The hours claimed by an attorney "may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), amended 808 F.2d 1373 (9th Cir.1987). In arriving at its determination of the proper amount of attorney's fees, including calculation of the lodestar, the district court should consider the twelve factors set forth in Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975).
 
 
 7
 Deference is to be given a district court's determination of a reasonable attorney's fee, and in particular as to the number of hours reasonably expended. Chalmers, 796 F.2d at 1211, 1213. We review attorney's fees awards for abuse of discretion. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir.1988), cert. denied, 493 U.S. 1035 (1990).
 
 
 8
 The wide discretion of the district court in making factual findings concerning the Kerr factors and other considerations that go into determining the reasonableness of hours expended is constrained by a separate requirement that the district court give a "concise but clear explanation of its reasons for the fee award."[3] Hensley, 461 U.S. at 437. Harville contends that the failure explicitly to provide an explanation for the fee award in light of the Kerr factors constitutes an abuse of discretion. The district court in this case did not mention Kerr or any of the Kerr factors, though its holding was in fact largely based on several of the twelve Kerr factors: 1) the time and labor required, 2) the novelty and difficulty of the questions involved, and 8) the amount involved and the results obtained.
 
 
 9
 In Kerr, 526 F.2d at 70, this court stated that failure to consider the factors would constitute an abuse of discretion. "Th[is] circuit has since relaxed the standard, saying that application of at least some of, or the most relevant, factors may be sufficient for review on appeal." Jordan v. Multnomah County, 815 F.2d 1258, 1263 n. 11 (9th Cir.1987). See also Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir.1988) ("The court need not discuss each of the guidelines, so long as it discusses those most relevant to the particular case."); Probe v. State Teachers' Retirement System, 780 F.2d 776, 785 (9th Cir.), cert. denied, 476 U.S. 1170 (1986) ("Although we do not sanction the district court's failure to explicitly set forth its consideration of the Kerr factors, we believe that the court's decision, which sets forth a consideration of the most relevant factors, is sufficiently detailed for meaningful review on appeal."); D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1386 (9th Cir.1990) ("The district court should discuss only those Kerr factors that are relevant to the court's decision; each and every factor need not be discussed.").
 
 
 10
 Different cases have formulated the requirement that the district court explain the basis for its fee award in different ways. In Cunningham, 879 F.2d at 484-85, this court held:
 
 
 11
 [W]e do not require an elaborately reasoned, calculated, or worded order; a brief explanation of how the court arrived at its figures will do....
 
 
 12
 Courts need not attempt to portray the discretionary analyses that leads to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable us to discharge our reviewing function.
 
 
 13
 The requirement was articulated also in Chalmers, 796 F.2d at 1211 n. 3:
 
 
 14
 While it is true that detailed calculations may not be necessary to affirm an award of attorney's fees, something more than a bald, unsupported amount is necessary. While the district court need not set forth in exhaustive detail the method of calculating an attorney's fee award, at the very least the district court must set forth the number of hours compensated and the hourly rate applied.
 
 
 15
 In a case involving a voluminous fee application, the district court is not required to set forth an hour-by-hour analysis of the fee request, but instead has the authority to make across the board percentage cuts in the number of hours claimed as "a practical means of trimming the fat from a fee application." Gates v. Deukmejian, 977 F.2d 1300, 1307 (9th Cir.1992) (citation omitted).
 
 
 16
 Two cases are relatively factually analogous to the case at bar; in these cases the district court reduced the fee award because it felt that the hours claimed were excessive or unreasonable, and we reversed. In United Steelworkers v. Phelps-Dodge Corp., 896 F.2d 403, 406-07 (9th Cir.1990), the district court had awarded fees for 1,500 hours of work, despite a documented request for 3,656.40 hours. This court remanded, stating:
 
 
 17
 Without an indication from the district court of how it arrived at 1,500 hours, we find ourselves unable to review the district court's determination of the number of hours reasonably expended on the litigation.... The district court apparently had some concerns about hours billed that may not have been necessary or properly related to the claims, but there is no indication of the number of hours deducted for these reasons.
 
 
 18
 The court also found that several activities disallowed by the district court were proper subjects for a fee award. Phelps-Dodge, 896 F.2d at 407.
 
 
 19
 In Long v. United States Internal Revenue Service, 932 F.2d 1309, 1316 (9th Cir.1991), this court reversed the decision of the district court which had reduced a fee award by 94% based upon its finding that the hours claimed were grossly excessive in light of the questions presented and the skill necessary to perform the services, and because numerous unnecessary and repetitive motions were filed. "In short, we are unable to ascertain just how the district court arrived at a figure representing roughly ten percent of the minimum to which the Longs claim they are entitled." Id.
 
 
 20
 We hold that the district court erred in not calculating a lodestar, as per Hensley, and in not considering the twelve Kerr factors. Although the district court's proffered reasons for reducing Harville's fee implicate several of the Kerr factors, we are unable to determine whether the court considered the remainder of the factors.
 
 C
 
 21
 We therefore reverse the district court's order awarding fees and costs and remand for a determination consistent with this opinion. We also reverse the district court's dismissal of the in personam suit against Sabahi for any outstanding deficiency not covered by the in rem proceeding because it is not clear whether or not there is any such deficiency until the district court determines the amount of reasonable attorney's fees on remand.
 
 
 22
 We express no opinion concerning the reasonableness of either the full amount of fees requested by Harville, or the reduced fee award suggested by the district court. We do note that a significant reduction in fees would require a reasoned explanation for the extent of the reduction. We also note that the intervenors are not parties to this appeal, though also represented by Harville's attorney, and thus the district court is not called upon to reexamine its award of attorney's fees as to those intervenors.
 
 
 23
 If the district court determines that Harville merits a larger award of attorney's fees than in its original order, Harville is entitled to reasonable fees for this appeal. Southeast Legal Defense Group v. Adams, 657 F.2d 1118, 1126 (9th Cir.1981). If the district court determines that Harville does not merit a larger award of fees than in its original order, it should decide whether Harville merits some or all fees for this appeal by determining whether Harville was a prevailing party as to this appeal. See, e.g., Farrar v. Hobby, 113 S.Ct. 566, 573-75 (1992).
 
 
 24
 This panel retains jurisdiction over any subsequent appeal in this matter.
 
 
 25
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court had at least as much discretion in making its determination of reasonable attorney's fees under California contract law as under federal law. See, e.g., People ex rel Cooper v. Mitchell Bros. Santa Ana Theater, 165 Cal.App.3d 378, 388 (1985); Sokolow v. County of San Mateo, 213 Cal.App.3d 231, 249 (1989). Because we reverse on the basis of federal attorney's fees law, we need not decide whether the district court abused its discretion concerning reasonable attorney's fees under California law
 
 
 [2]
 In unusual circumstances not at issue in this case, the lodestar award can be raised or lowered. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65 (1986)
 
 
 [3]
 A recent Supreme Court case apparently relaxes the requirement for an explanation of reasons deriving from Hensley itself: "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying 'the number of hours reasonably expended ... by a reasonable hourly rate.' " Farrar v. Hobby, 113 S.Ct. 566, 575 (1992) (citation omitted). This circuit's case law concerning the district court's duty to consider, and explain its application of, the Kerr factors is still good law, however, despite its genesis being partially influenced by the language in Hensley