**MIF REALTY, L.P., Plaintiff,**

v.

**Gerald S. FINEBERG, Defendant.**

**No. 95–10196–MLW.**

United States District Court,
D. Massachusetts.

Jan. 7, 1998.

John A. Wortmann, Jr., Brown, Rudnick, Freed & Gesmer, Boston, MA, for MIF Realty L.P.

Joel A. Kozol, Friedman & Atherton, Boston, MA, for Gerald S. Fineberg.

### MEMORANDUM AND FINAL ORDER ON PLAINTIFF'S PRAYER FOR AN AWARD OF REASONABLE ATTORNEY'S FEES

COLLINGS, United States Magistrate Judge.[1]

Reference is made to the Memorandum and Procedural Order (# 27) entered November 4, 1997 in which I ruled that the plaintiff was the prevailing party on a motion to dismiss defendant's counterclaims in this case and, therefore, was entitled to an award of attorney's fees under the contract between the parties. The contract provided, *inter alia*, that it was governed by Massachusetts law and that:

> In the event of any dispute hereunder, the prevailing party shall be entitled to recover all costs, attorneys' fees and expert witness fees from the non-prevailing parties.

The question now is by what standard does a court measure a requested award of attorney's fees under such a contractual provision?

▆ There are two lines of cases in Massachusetts law concerning awards of attorney's fees. *See Paone v. Gerrig*, 362 Mass. 757, 763–4, 291 N.E.2d 426, 431 (1973). The first is when the dispute is between an attorney and the client who hired that attorney. *Mulhern v. Roach*, 398 Mass. 18, 24, 494 N.E.2d 1327, 1331 (1986). In such cases, since the client and the attorney entered into a voluntary or consensual arrangement, the attorney is entitled to the "fair and reasonable compensation for the services rendered." *First National Bank of Boston v. Brink*, 372 Mass. 257, 264, 361 N.E.2d 406, 410 (1977) citing *Cummings v. National Shawmut Bank*, 284 Mass. 563, 568, 188 N.E. 489 (1933).

The second line of cases involves the situation where there is a "nonvoluntary" relationship between the attorney and the party from whom fees are sought. *Mulhern*, 398 Mass. at 31, 494 N.E.2d at 1335, n. 15. (citations omitted). Over twenty years ago, the Supreme Judicial Court wrote of the standard to be applied in such cases:

> As to awards of counsel fees as costs to be paid by opposing parties, we have applied "strictly conservative principles." *Lewis v. National Shawmut Bank*, 303 Mass. 187, 191, 21 N.E.2d 254 (1939), quoting from *Commissioner of Banks, Petition of (Petition of Allen)*, 240 Mass. 478, 485, 134 N.E. 253 (1922).

*First National Bank of Boston v. Brink*, 372 Mass. at 266, 361 N.E.2d at 411 (other citations omitted).

> [W]here the award is provided for by statute and is assessed against the party having no contractual relationship with the attorney involved, the standard of reasonableness depends not on what the attorney usually charges but, rather, on what his services were objectively worth, *See Dillon's Case*, 324 Mass. 102, 113, 85 N.E.2d 69 (1949).

*Heller v. Silverbranch Construction Corp.*, 376 Mass. 621, 629, 382 N.E.2d 1065, 1070 (1978).

These "conservative principles" have been applied to awards of attorney's fees in domestic relations cases. *Robbins v. Robbins*, 19 Mass.App.Ct. 538, 543, 476 N.E.2d 230, 234 (1985) ("... our traditional invocation of a 'conservative' approach when it comes to charging counsel fees to a party who has in no way consented"); *Pemberton v. Pemberton*, 9 Mass.App.Ct. 9, 16, 411 N.E.2d 1305, 1310 (1980); *Hayden v. Hayden*, 326 Mass. 587, 596, 96 N.E.2d 136, 142 (1950) ("Fees in such cases are awarded on 'strictly conservative principles.'"). The rationale for this body of law is that in these cases:

> [T]he motion for counsel fees is not the equivalent of an action of contract to recover against the client but is a proceeding

---

1. Pursuant to the parties' consent, the case has been referred and reassigned to the undersigned United States magistrate judge for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c).

under a statute authorizing the court in its discretion to award costs and expenses, in this instance, to be paid by the adversary party, and the amount which counsel should receive from such a party is based upon a more conservative basis.

*Sack v. Sack,* 328 Mass. 600, 605, 105 N.E.2d 371, 374–5 (1952) (citations omitted).

These principles have been applied to awards of attorney's fees under the Workmen's Compensation Law, *Dillon, Case of,* 324 Mass. 102, 85 N.E.2d 69, as well as to awards of attorney's fees under Mass. Gen. Laws Ann., ch. 93A. *Heller,* 376 Mass. 621, 382 N.E.2d 1065; *Rex Lumber Company v. Acton Block Company, Inc.,* 29 Mass.App.Ct. 510, 562 N.E.2d 845 (1990).

■ Counsel has not been able to point to a Massachusetts case which ruled on the question on what approach to take in the case in which one party contracts to pay the other party's attorney's fees if the other party prevails.[2] As is obvious, the instant case does not squarely fit within either of the two lines of cases identified, *supra.* Unlike the facts of the first line of cases, the defendant never retained plaintiff's law firm and had no say in the amount which the plaintiff agreed to pay its lawyers. This would seem to indicate that the second line of cases espousing the "conservative" approach would be applicable. But, in view of the contract provision, it can hardly be said that the defendant's obligation to pay plaintiff's attorney's fees if plaintiff prevailed was imposed against defendant's will or was "involuntary." After all, in the contract, defendant freely agreed to the provision which created the obligation.

■ In my judgment, the instant circumstances are more closely analogous to the situation in which a lawyer sues his client for his fees rather than the situation where the obligation is imposed by statute or caselaw without the consent of the obligor. Thus, I do not think that it is correct to apply the "strictly conservative principles" set forth in the second line of cases; rather, the question is what is the "fair and reasonable compensation for the services rendered." *First National Bank of Boston,* 372 Mass. at 264, 361 N.E.2d at 410 citing *Cummings v. National Shawmut Bank,* 284 Mass. at 568, 188 N.E. at 489. Although the test remains largely objective, it is not entirely so. The amount which the attorney usually charges for his services, i.e., the amount the attorney subjectively believes his services are worth, may be considered. *Heller,* 376 Mass. at 629, 382 N.E.2d at 1070. By contrast, the standard which is employed in cases in which conservative principles are applied is totally objective, i.e., what the attorney's services were "objectively worth."

The reason why I do not believe that the second line of cases applies is that, in my judgment, the issue in cases of this sort is ultimately one of contract interpretation. The parties signed a contract which stipulated that "...the prevailing party shall be entitled to recover all costs [and] attorney's fees...from the non-prevailing parties." This clause is similar to an indemnity provision in that its purpose is to insure that a prevailing party would not have to expend any funds as a result of any dispute which arose under the contract. It applied equally to each party; the plaintiff agreed to pay the attorney's fees of the defendant if the defendant prevailed and *vice versa.* In these circumstances, each party assumed the burden of paying whatever the other party's lawyers charged the other party if the other party prevailed. The parties did not agree to pay only what the prevailing party's attorney's services were objectively worth.

I also find support for this conclusion in the fact, which I believe is fairly inferred, that transactions by which each party re-

---

2. The one case which did involve a contract, *Bird v. Bird,* 24 Mass.App.Ct. 362, 509 N.E.2d 289 (1987) does not answer the question. That case concerned a settlement agreement in a divorce case which provided that "the unsuccessful party shall bear the reasonable counsel fees and court costs of the successful party..." *Id.,* 24 Mass. App.Ct. at 363, 509 N.E.2d at 290. While noting that in cases involving awards of attorney's fees,

"...with what degree of conservatism a court approaches the problem will vary with the context...", the Appeals Court did not articulate which test was to be applied in the cases in which the obligation to pay the other party's attorney's fees resulted from a contractual provision *Id.,* 24 Mass.App.Ct. at 370, 509 N.E.2d at 293. *Compare Paone,* 362 Mass. at 762–3, 291 N.E.2d at 431.

tained its attorneys were "arms-length transactions" in the sense that each believed that the amount each agreed to pay their own attorney was fair and reasonable. The contractual provision merely required the non-prevailing party to pay the prevailing party's attorney the amount which the prevailing party and its attorneys agreed would be paid by the prevailing party when the attorney was first retained.

In these circumstances, applying the test set forth in the first line of cases,[3] I find that the amount which the plaintiff's counsel charged plaintiff and which plaintiff has paid to its attorneys[4] is fair and reasonable. I find that the time spent was reasonable given the result obtained. I find that the hourly rates are reasonable based on the experience of the attorneys and are in line with rates charged by similarly experienced lawyers and paralegals in Boston.

Accordingly, judgment shall enter in favor of the plaintiff in the amount of $57,270.91 for attorney's fees and costs.

---

3. The plaintiff points to cases in the Fifth and Tenth Circuits in which the courts had to determine the standard by which to judge attorney's fees sought by reason of a contractual provision. *General Electric Credit Corp. v. Oil Screw Triton VI,* 712 F.2d 991 (5th Cir.1983); *United States v. Western States Mechanical Contractors, Inc.,* 834 F.2d 1533 (10th Cir.1987). Applying federal law, both circuits held that in such situations, a court's task is only to decide if the award requested is "inequitable and unreasonable." *General Electric Credit Corp.,* 712 F.2d at 995 citing *Cable Marine v. M/V Trust,* 632 F.2d 1344, 1345 (5th Cir.1980); *United States,* 834 F.2d at 1549 citing both *General Electric Credit Corp.* and *Cable Marine.* While I agree that this is an appropriate standard in cases where the obligation is

imposed by contract, the Circuit cases involved the application of federal law, not Massachusetts law. Since the standard has not been adopted by the courts of Massachusetts, I have applied the standard set forth in the first line of cases, *e.g., Cummings,* 284 Mass. at 568, 188 N.E. at 491. Although the *Cable Marine* case is cited in the Appeals Court's opinion in *Bird,* 24 Mass. App. at 367, 509 N.E.2d at 291, the citation is to a different holding of the *Cable Marine* case.

4. The Affidavit of John A. Wortmann, Jr., indicates that plaintiff has paid its attorneys all but $1,468.50 of the total amount claimed. According to the Supplemental Affidavit of John O. Wortmann, Jr. (# 26), the total amount claimed is $57,270.91.