**BOARD OF EDUCATION OF OAK PARK & River Forest High School District 200, Plaintiff–Appellee,**

v.

**NATHAN R., by and through his Parents and Next Friends, RICHARD AND NANCY R., Defendants–Appellants.**

No. 97–3341.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1999

Decided Jan. 10, 2000

**378**

John A. Relias (argued), James J. Zuehl, Franczek, Sullivan, Mann, Crement, Hein & Relias, Chicago, IL, for Plaintiff-Appellee.

Margie Best (argued), Oak Park, IL, for Defendant-Appellant.

Before FLAUM, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Oak Park & River Forest High School District ("the School") expelled Nathan R. ("Nathan"), a student receiving special education services on account of a behavioral disorder, for possession of marijuana on school grounds. Nathan and his parents, Richard and Nancy R. (collectively referred to as "Parents"), appealed to a Level I administrative hearing officer who held that Nathan's misconduct was unrelated to his disability but that the School nevertheless needed to provide him with special education services during his expulsion.[1] The Level II administrative hearing officer affirmed. The School appealed to the district court; it contended that it was not obligated to provide Nathan with special education services during his expulsion. The court determined that *Doe v. Board of Education of Oak Park*, 115 F.3d 1273 (7th Cir.), *cert. denied*, 522 U.S. 998, 118 S.Ct. 564, 139 L.Ed.2d 404 (1997), established that the School did not need to provide the services. The Parents cross-claimed for attorneys' fees, under 20 U.S.C. § 1415(e)(4)(B) of the Individuals with Disabilities Education Act ("IDEA"), claiming that their invocation of "stay-put placement"—which allowed Nathan to stay in school until the final disposition of the matter—entitled them to such an award. The district court denied the Parents relief, holding that they were not prevailing parties.

We now hold that the issue of whether the School was obliged to provide special education services to Nathan during his expulsion is moot because he has graduated from high school. However, we conclude that we do have jurisdiction over the question of whether the Parents are entitled to attorneys' fees for the invocation of stay-put placement. On this question, we hold that the Parents are not prevailing

---

1. The Individuals with Disabilities Education Act authorizes an appeal from the decision of a school board to a Level I administrative hearing officer. *See* 20 U.S.C. § 1415(b)(2). Thereafter, the decision of the Level I hearing officer may be appealed to a Level II administrative hearing officer. *See* 20 U.S.C. § 1415(c). That decision may then be appealed to a United States District Court for judicial review. *See* 20 U.S.C. § 1415(e)(2).

parties and are not entitled to attorneys' fees.

## I

## BACKGROUND

### A. Nathan's Expulsion

On September 13, 1995, school security found marijuana in Nathan's possession and the School suspended him. Six days later the School held an expulsion hearing at which Nathan admitted the drugs were his. It also held a meeting at which it determined that Nathan's misconduct was unrelated to his disability.[2] On September 26, the Parents filed a due process request as allowed by the IDEA.[3] They contended that the School had failed to recognize the relationship between Nathan's disability and his drug possession and requested that Nathan's placement in school, with his special education services, be maintained during the proceedings.[1] On September 28, the School, despite the Parents' request, expelled Nathan until the following semester. The School did offer him alternative, non-special education services during the period of his expulsion.

### B. Level I Administrative Hearing

On October 17, the Parents sought an emergency order of stay-put placement from the Level I hearing officer. The

officer ordered the School to return Nathan to school pending the outcome of the proceedings. Nathan returned to school on November 6; he had missed 27 days.

On January 11, 1996, the Level I hearing officer issued her opinion. She stated that Nathan's misconduct was not related to his handicap and that his one semester expulsion was appropriate. She further held, however, that the School was obliged to continue his special education services during his expulsion.

### C. Level II Administrative Hearing

Before the Level II hearing officer, the School appealed the ruling that it needed to provide special education services to Nathan during his expulsion. The Parents also appealed, seeking compensatory education for the 27 days Nathan had missed between September 13 and November 6. On June 26, the Level II hearing officer affirmed the Level I hearing officer's decision and determined that the School had to provide special education services during Nathan's expulsion and compensatory services for the 27 days Nathan already had missed.

### D. District Court Holding

The School then asked the district court to review the decision that it needed to provide Nathan with special education ser-

---

**2.** Nathan's disability is a behavioral/emotional disorder that includes immaturity, impulsiveness, anger, depression, and poor self-esteem. His Individual Education Plan ("IEP") also states that "Nate is involved in numerous dangerous self-destructive and anti-social behavior including substance abuse, damage to property (graffiti), hanging from 'El' tracks, truancy & rule breaking. Nate is extremely at risk. Without immediate intervention, Nate may engage in anti-social behavior which will lead to police involvement. Nate needs assistance immediately." R.3–1 at 182–83.

**3.** The relevant statutory provision states, in pertinent part, that "the parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local

educational agency or intermediate education unit . . . ." 20 U.S.C. § 1415(b)(2); *see also* 34 C.F.R. § 300.507.

**4.** The "stay-put" provision of the IDEA, described in 20 U.S.C. § 1415(e)(3), states as follows:

(3)(A) Except as provided in subparagraph (B), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents or guardian, be placed in the public school program until all such proceedings have been completed.
20 U.S.C. § 1415.

vices during his expulsion. The Parents counterclaimed for attorneys' fees. The court first granted the School's motion for summary judgment based on *Doe v. Board of Education of Oak Park*, which held that the school did not need to provide special education services to a disabled student who was expelled for reasons unrelated to his disability. 115 F.3d at 1277–79. The court then denied the Parents' cross-motion for summary judgment for attorneys' fees.[5]

In a subsequent order, the court denied the Parents' motion for reconsideration. Under *Doe*, the court held, the School was the prevailing party.[6] The Parents were not the prevailing party, the court concluded, because they did not receive relief in the form of a judgment or settlement. *See Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 469 (7th Cir.1996) (holding that a party

must obtain an enforceable judgment, consent decree, or settlement against the party from whom fees are sought), *cert. denied*, 520 U.S. 1198, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997). Finally, the court stated that a subsequent amendment to the IDEA[7] did not have a retroactive effect that would alter its conclusion.[8]

Nathan never received his one semester expulsion. When the district court issued its opinion, Nathan was a senior in high school; in June 1998, Nathan graduated.

## II

## DISCUSSION

### A. Jurisdiction

■ Because Nathan has graduated from high school, we must first address whether this court has jurisdiction to hear this appeal. If a case becomes moot while

---

**5.** The district court's order of July 9, 1997, states in full:

> Plaintiff's motion for summary judgment (7–1) is granted on the basis of John Doe Vs.[v.] Board of Education of Oak Park, et al. [115 F.3d 1273], No. 96-3014, 1997 WL 289023 (7th Cir. May 27, 1997). Defendant's cross-motion for summary judgment (11–1) is denied. Accordingly, judgment is entered in favor of plaintiff and against defendants. Any pending motion in this case is terminated as moot. Status hearing set for July 17, 1997 is vacated.
> R.40.

**6.** Attorneys' fees may be awarded to a prevailing party under the IDEA. As 20 U.S.C. § 1415(e)(4)(B) explains in pertinent part:

> (B) In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.
> 20 U.S.C. § 1415(e)(4)(B).

**7.** In 1997, Congress amended the IDEA to require free appropriate public education for disabled students who were expelled:

> 1412. *State eligibility*
> (a) In general
> A State is eligible for assistance under this subchapter for a fiscal year if the State demonstrates to the satisfaction of the Secretary that the State has in effect policies

and procedures to ensure that it meets each of the following conditions:

> (1) Free appropriate public education
> (A) In general
> A free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school.
> 20 U.S.C. § 1412. This court has stated that the amendment to the IDEA does not have retroactive effect for actions that occurred prior to the amendment. *See Doe*, 115 F.3d at 1283. Nathan's misconduct and attempted expulsion occurred prior to the amendment and thus it does not affect this case.

**8.** The district court's second order, issued August 12, 1997, states:

> Defendants, Richard and Nancy R.'s Rule 59 and 60 motion is denied. The plaintiff was the prevailing party pursuant to Doe Vs.[v.] Board of Educ., 115 F.3d [1273] (7th Cir.1997), and any subsequent change in the IDEA does not have a retroactive effect on this conclusion. *Id.* at 1283. The defendants were not the prevailing parties because any relief that they received was not in the form of a judgment or settlement. See Downers Grove Grade Sch. Dist No. 58 V.[v.] Steven L., 89 F.3d 464, 469 (7th Cir. 1996).
> R.46.

on appeal, this court loses its jurisdiction to decide the merits of the action. *See In re Smith*, 964 F.2d 636, 637 (7th Cir.1992); *Commodity Futures Trading Comm'n v. Board of Trade of Chicago*, 701 F.2d 653, 656 (7th Cir.1983). We shall address this question in two parts: the claim for special education services and the claim for attorneys' fees for the administrative proceeding.

**1.**

 The Parents argue that when the district court reached its decision, the case was already moot. They submit that, at the time the district court reached its decision, Nathan was about to start his senior year and had not been expelled. He had already received his compensatory services. We do not reach this question because, even if the case was not moot when the district court issued its opinion, the action is now moot due to Nathan's graduation from high school. Nathan graduated from high school in 1998, and no action this court might take would affect his or the School's rights. *See Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam) (stating that judgment for the plaintiffs would have afforded them no relief whatsoever and thus the action was moot); *Honig v. Doe*, 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (holding that courts may only adjudicate actual, ongoing controversies); *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318–19 (7th Cir. 1992) (stating that the test for mootness is whether the relief sought would affect a legal interest of the parties and deciding

that a graduated high school student's legal interest could still be affected by the disposition because the plaintiff sought the return of an award the student received while in high school). Therefore, we vacate the district court's judgment and remand for the district court to dismiss. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 482, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ("Our ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss."); *Jordan v. Indiana High Sch. Athletic Ass'n, Inc.*, 16 F.3d 785, 787 (7th Cir.1994) (explaining that if a case becomes moot then the judgment below must be vacated and dismissed).

 The School argues that, when a case becomes moot on the merits, the party no longer has a claim for attorneys' fees. *See Lewis*, 494 U.S. at 480, 110 S.Ct. 1249.[9] Because we would need to consider the merits to determine whether the Parents are prevailing parties, we agree that we cannot decide whether the Parents would be entitled to attorneys' fees from the proceedings in the district court.

**2.**

 We still can decide whether the Parents' claim for attorneys' fees from the invocation of the stay-put placement is valid because that claim is related solely to the administrative proceedings. This circuit previously has held that a party may file an independent suit in the district court to recover attorneys' fees from an IDEA administrative proceeding.[10] *See Brown v. Griggsville Community Unit*

---

9. The court in Lewis stated that, under 42 U.S.C. § 1988, an interest in attorneys' fees is insufficient to create an Article III case or controversy where none existed on the merits of the underlying claim. The court then held that, when a claim on the merits is moot, a claim for attorneys' fees based on the merits is also moot. This court has also held that § 1415(e)(4) should be interpreted consistently with § 1988. *See Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 468 (7th Cir.1996).

10. In fact, the only means by which a party may recover attorneys' fees for the administrative proceedings is through the district court because the statute only authorizes the courts, and not the administrative hearing officer, to award the attorneys' fees. *See* § 1415(e)(4)(B) ("In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardians of a child or youth with a disability who is the prevailing party.").

*Sch. Dist. No. 4*, 12 F.3d 681, 683–84 (7th Cir.1993). In the district court, the School requested relief on the merits, and the Parents cross-claimed for attorneys' fees. The Parents' claim for attorneys' fees stems solely from the imposition of the stay-put placement, which is part of the administrative hearing. Thus, the Parents' claim is sufficient to allow this court to decide whether they are prevailing parties and entitled to attorneys' fees. We may consider only their claim for attorneys' fees stemming from the imposition of the stay-put placement because any other decision would go to the merits of the action which are now moot.

## B. Prevailing Parties

■ To determine whether the Parents are entitled to attorneys' fees we must ask whether they prevailed. The term "prevailing party" under 20 U.S.C. § 1415(e)(4)(B) has the same meaning as the phrase does in 42 U.S.C. § 1988. *See Steven L.*, 89 F.3d at 468. According to the Supreme Court, a party prevails under § 1988 if he obtains at least some relief on the merits of his claim such as an enforceable judgment, consent decree, or settlement. *See Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The relief granted must "materially alter[ ] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111–12, 113 S.Ct. 566; *see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (holding that under § 1988 the plaintiff must at least "be able to point to a resolution of the dispute which change[d] the legal relationship between itself and the defendant").

The relief the Parents received, and the basis of their claim here, was the application of the stay-put provision. They argue that, because the Level I hearing officer granted the emergency order of stay-put placement and because Nathan stayed in school until he graduated, without expulsion, they are the prevailing party. However, this de facto "win" does not rise to the level of an enforceable judgment, consent decree, or settlement that materially alters the relationship between the parties. The relief the Parents received was only interim in nature, and this circuit previously has held that the receipt of interim relief does not qualify a party for attorneys' fees. *See Hunger v. Leininger*, 15 F.3d 664, 670 (7th Cir.), *cert. denied*, 513 U.S. 839, 115 S.Ct. 123, 130 L.Ed.2d 67 (1994). Indeed, we also have stated explicitly that invocation of the stay-put provision of the IDEA does not entitle the party to attorneys' fees. *See Steven L.*, 89 F.3d at 469.

### Conclusion

The judgment of the district court on the merits is vacated as moot and remanded for dismissal. The denial of summary judgment for the Parents on the issue of attorneys' fees is affirmed. The School may recover its costs in this court.

AFFIRMED in part; VACATED and REMANDED in part