John DOE, et al., Plaintiffs–Appellants,

v.

EAGLE–UNION COMMUNITY
SCHOOL CORP., et al.,
Defendants–Appellees.

Nos. 00–2122, 00–2690.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 5, 2001.*

Decided March 9, 2001.

Before EASTERBROOK, MANION,
and DIANE P. WOOD, Circuit Judges.

## ORDER

John Doe (Doe), a disabled student who attended Eagle–Union Community School in Zionsville, Indiana, and his parents sued defendant school officials under a number of federal claims for relief after Doe was cut from the high school basketball team and school officials proposed placing him in homebound special education classes. The plaintiffs also alleged violation of their procedural rights under the Individuals with Disabilities Education Act (IDEA), 20

---

\* After examining of the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* Fed. R.App. P. 34(a).

U.S.C. §§ 1400–1491. The district court granted summary judgment to the defendants. We have consolidated this appeal (number 00–2122) with the plaintiffs' appeal of the district court's denial of attorney's fees to the plaintiffs (number 00–2690). We affirm the denial of attorney's fees in number 00–2690, and vacate the judgment on the merits in number 00–2122 and remand with instructions to dismiss the case as moot.

The parties in this case have a long and contentious history over the proper education to provide Doe, who suffers from clinical depression and tremors. School officials, concerned about Doe's poor grades and isolation from his classmates, made numerous attempts between 1994 and 1997 to evaluate Doe for special education services under the IDEA, a federal law that entitles disabled students to a "free appropriate public education." *See* 20 U.S.C. § 1400(d). Doe's parents refused to consent to any evaluation under the IDEA, but in August 1997 they allowed the school to classify Doe as disabled under the Rehabilitation Act, *see* 29 U.S.C. § 794, and to implement an alternative learning plan.

In the fall of 1997 Doe tried out for the high school basketball team, but he was one of five to seven players who were cut. Also during that fall, school officials continued to attempt to evaluate Doe. When school officials proposed in December 1997 that the parties explore the possibility of home schooling, Doe's parents felt they were being threatened and that school officials were trying to reclassify Doe under the IDEA. Doe's parents responded by requesting a due process hearing before an independent hearing officer (IHO), as provided for under the IDEA, *see* 20 U.S.C. § 1415(b)(6),(f)(1). At the hearing, Doe's parents asserted that the school officials had failed to follow proper procedures in attempting to evaluate Doe, had threatened then by proposing home schooling, and had discriminated against Doe by cutting him from the basketball team. The hearing officer rejected these claims, and on appeal, *see* 20 U.S.C. § 1415(g), the Board of Special Education Appeals affirmed.

In September 1998, the plaintiffs filed this suit under the IDEA, Rehabilitation Act, Americans with Disabilities Act, and 42 U.S.C. § 1983, alleging that school officials had denied Doe his "free appropriate public education" and had discriminated against him based on his disabilities. Soon after filing the suit, the plaintiffs moved out of the school district. When the school discovered that the plaintiffs no longer lived within the area covered by the school district, they expelled Doe as allowed under Ind.Code 20–8.1–5.1–11. The district court then granted summary judgment on the merits to the defendants.

■ On appeal the plaintiffs reassert that school officials violated the IDEA and Rehabilitation Act by failing to provide Doe with a "free appropriate public education." We do not have jurisdiction to consider the merits of the plaintiffs' claims, however, because this case is moot. The case at hand involves disputes over proposals for Doe's education developed when Doe was a 17–year–old junior in high school. Doe is now 20, and he no longer attends Eagle–Union school. Furthermore, the school district agreed to drop its proposal to evaluate Doe before the independent hearing officer. We fail to see how continued litigation over a perceived denial of a free appropriate public education three years ago at a school Doe no longer attends can provide meaningful relief to any party, and these claims are therefore moot. *See, e.g., Stotts v. Community Unit Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir.2000); *Board of Educ. of*

*Oak Park v. Nathan R.*, 199 F.3d 377, 381; *Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467–68 (7th Cir.1996) (challenge to educational plan for fifth grade student was moot where student had since advanced to eighth grade and agreed to an educational plan with different school district).

■ In appeal number 00–2690 the plaintiffs assert that they are entitled to attorneys' fees because they were the "prevailing party" in the proceedings before the hearing officer. *See* 20 U.S.C. § 1415(i)(3)(b). The plaintiffs argue that they prevailed at that stage of the proceedings because they reached an agreement with the school officials that the officials would not attempt to carry out a full evaluation of Doe under the IDEA.

■ The plaintiffs' attorney's fees claim is not moot because it is related solely to the administrative proceedings. *See Nathan R.*, 199 F.3d at 381. Their appeal fails, however, because a party that wins small, tactical victories, but loses on the main issues cannot be considered a prevailing party. *See Linda W. v. Indiana Dept. of Educ.*, 200 F.3d 504, 507 (7th Cir.1999); *Jodlowski v. Valley View Community Unit Sch. Dist. # 365–U*, 109 F.3d 1250, 1254 (7th Cir.1997). The hearing officer ruled against the plaintiffs on their claims; the plaintiffs' only "victory" was obtaining an agreement from the school officials to drop a proposal for a full evaluation of Doe. In exchange, however, the plaintiffs had to agree to a lesser evaluation. Furthermore, by refusing to allow Doe to be evaluated under the IDEA, the plaintiffs waived any claim they might be able to raise under that Act. Therefore, the district court did not abuse its discretion in

denying attorney's fees because even if the Does won a small victory in stopping the evaluation of Doe, they did not win the larger battle behind their complaints.

We therefore VACATE the judgment of the district court in appeal number 00–2122 and REMAND with instructions to dismiss that case as moot, and AFFIRM the denial of attorney's fees in appeal number 00–2690.