TERENCE T. EVANS, Circuit Judge,
concurring in part, dissenting in part.
I join the majority opinion in all respects, except I would vacate the finding that the parents are the prevailing party and thus entitled to attorneys’ fees.
America’s public schools (and only public schools, of course, are subject to the IDEA) are in a financial bind. A dollar *806 spent on one child is a dollar less to spend on others. This is a reality that the law should not ignore. It is a reality that should be kept in mind when awarding “prevailing party” status to those who sue school districts under the IDEA.
While perhaps no public school system in America is as troubled as the one in the District of Columbia (certainly not a district like Evanston’s), what happened there in recent years is interesting to note. In 1998, that district paid over $10 million to attorneys for complaining parents in IDEA cases. For attorneys, the system became “a booming, lucrative industry.” See Doug Struck and Valerie Strauss, “Special Ed Law is Big Business; Students’ Attorneys Collectively Receiving Millions in Fees,” The Washington Post, July 20, 1998, as quoted in Calloway v. District of Columbia, 216 F.3d 1 (D.C.Cir.2000).
In noting what happened in the District of Columbia, I’m not suggesting that the attorneys in this case have done anything but provide very competent services to John M’s parents. I am suggesting, however, that because financial demands on public school districts are getting harder and harder to meet, requests for attorneys’ fees in cases like this, which drain taxpayer-funded districts of their ability to meet other needs, should get close attention from courts. We should also keep in mind that, unlike successful § 1983 eases which involve vindicating constitutional rights— often with global implications for other cases — IDEA suits usually involve only very targeted disputes over the fine-tuning of IEPs affecting only one student in one district. Because of this, I suggest that in determining whether a party has prevailed under the IDEA, courts should be rigorous in enforcing the current standard. That standard says that a prevailing party must obtain relief that “materially alters the legal relationship between the parties,” Bd. of Educ. of Oak Park Dist. 200 v. Nathan R., 199 F.3d 377 (7th Cir.2000). The requirement should have teeth. I submit that the standard, when properly applied, has not been satisfied in this case.
The district court’s basis for granting fees, as expressed in its one-paragraph statement on the issue, was that the parents were prevailing parties because they “prevailed at the hearing with respect to Ms. Duba’s license and in the case at hand with respect to the Inclusion Facilitator and two procedural violations.” In this court, the only claim to survive is that, given the fact that her license had not been issued, Ms. Duba required more supervision. For that reason, and that reason only, the order for compensatory OT services has been affirmed. Although the order resulted in a benefit for John, it is important to note that it was not based on any significant deficiency in his IEP or, for that matter, in the services the School District was providing. It was only to make amends for the licensing problem. As I see it, this minor tinkering did not come close to “materially altering” the relationship between John’s parents and the District. I also think even this benefit could probably have been achieved without litigation. The School District had already offered to provide increased OT services prior to the due process hearing; an offer which was rejected. In a letter of August 28, 2000, the District offered a number of concessions:
(a) review the IEP OT and PT provisions and include direct OT services— although it believes the current provisions are appropriate and services may be appropriately delivered through consultation as currently indicated in the IEP;
(b) review the social-emotional components of the IEP and include more *807 explicit goals — although the District believes the current IEP includes appropriate discussion and goals in this area;
(c) evaluate John’s assistive technology needs and make appropriate modifications to the IEP, as necessary, although the parents did not raise this as an issue at the prior IEP meetings and the District believes the current IEP addresses computer technology, etc.; and
(d) discuss the reimbursement of the independent OT/PT in the context of an overall resolution of this matter.
This offer is not, I agree, sufficiently specific for a court to say with absolute certainty that the School District was offering more than what the parents obtained by taking the case to war with the District. But if the offer had been pursued, the parents might very well have received then what they are getting now. For these reasons, I cannot conclude that the parents’ modest “win” in this litigation materially altered the relationship between the parties. So on this aspect of the case, I respectfully dissent.