Aja **TERMINE,** by and through her Guardian ad Litem Karen **TERMINE;** Karen **Termine,** an individual, Plaintiffs–Appellees,

v.

**WILLIAM S. HART UNION HIGH SCHOOL DISTRICT,** Defendant–Appellant,

and

**Westmark School, Defendant.**

No. 06–56268.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2008.*

Filed July 28, 2008.

by orders it submitted on the briefs and record. *See* Fed. R.App. P. 34(a)(2).

See also, 249 Fed.Appx. 583.

Steven M. Wyner, Esq., Marcy J.K. Tiffany, Esq., Wyner & Tiffany, Torrance, CA, for Plaintiffs–Appellees.

Barrett K. Green, Esq., Littler & Mendelson, PC, Los Angeles, CA, for Defendant–Appellant.

Harold Gutenberg, Esq., Greenberg & Bass, Encino, CA, for Defendant.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

### MEMORANDUM **

William S. Hart Union High School District ("Hart") appeals the award of attorneys' fees to Aja and Karen Termine following the Termines' successful actions under the Individuals with Disabilities Education Act ("IDEA"). In the December 2001 action, a special education due process hearing before the California Special Education Hearing Office ("SEHO"), the Termines alleged that Hart's October 2001 special education placement offer to Aja was inappropriate. In February 2002, the Termines brought a separate action—the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"stay-put" case—in federal district court, alleging that Hart should be required to maintain Aja in her then-current non-public school placement pending the outcome of the due process hearing. The district court concluded that the Termines were prevailing parties in both of the actions, and issued an award of attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3) in the amount of $729,038.64. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court did not abuse its discretion in holding that the Termines were the prevailing parties in the stay-put case. Although the district court declined to specifically designate Westmark School ("Westmark") as the stay-put placement during the period from October 3, 2001 to July 3, 2002, the Termines achieved relief that changed the legal relationship between the parties with respect to a significant issue, and also successfully invalidated Hart's argument regarding the stay-put placement. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 374 F.3d 857, 864–65 (9th Cir.2004); *Parents of Student W. v. Puyallup Sch. Dist., No. 3,* 31 F.3d 1489, 1498 (9th Cir.1994). Specifically, Aja remained at Westmark during the pendency of the dispute; Westmark was determined to be an appropriate stay-put placement; Hart's proposed placement was deemed inappropriate; and the Termines were awarded reimbursement of tuition for the time period of the dispute.

■ The district court did not abuse its discretion in declining to reduce the fee award based on arguments that the Termines achieved only partial success and protracted the litigation, or that the Termines' counsel spent an excessive amount of time on the matter. The district court properly concluded that the Termines' failure to obtain 100 percent of the requested damages does not necessarily constitute grounds for reducing fees, and that the Termines' nonmonetary success—clarifying the law regarding stay-put placements—was significant. *See Morales v. City of San Rafael,* 96 F.3d 359, 362–65 (9th Cir.1996). The issue of whether the Termines should be compelled to produce Aja for an assessment was an exceedingly minor one, and so interrelated with the other claims, such that separating out the time spent on this particular issue would have been inappropriate. *See Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Thomas v. City of Tacoma,* 410 F.3d 644, 649–50 (9th Cir.2005). Moreover, the Termines were ultimately the prevailing party as to the stay-put issue despite unsuccessful motions before the SEHO. *See Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052–53 (9th Cir.1991). The fees incurred on the availability of expert fees were reasonable given the circuit split on whether expert witness fees are recoverable, and were so minimal that the time that would have been expended to disentangle them from the "fees for fees" incurred after March 2006 would not have been in either party's financial interest. Because Hart was unable to identify a single billing entry associated with the Termines' alleged protraction of the proceedings, the district court's decision not to reduce the fee award under 20 U.S.C. § 1415(i)(3)(F)(i) was not an abuse of discretion. Given that the Termines' attorneys filed both opening and reply briefs, while Hart's lawyers filed only opposition briefs, that the Termines' attorneys spent 23 percent more time on the case was not unreasonable. Accordingly, the district court did not abuse its discretion in declining to reduce the fee award pursuant to 20 U.S.C. § 1415(i)(3)(F)(iii).

Nor did the district court abuse its discretion in calculating the hourly rate of the

attorneys' fees award. *See* 20 U.S.C. § 1415(i)(3)(F)(ii). The district court correctly concluded that the rate Hart paid its counsel should not be the starting point for determining the proper hourly rate to award the Termines. *See Trevino v. Gates,* 99 F.3d 911, 924–925 (9th Cir.1996). Moreover, there is competent evidence that the Termines' counsel's rates are commensurate with those of attorneys of reasonably comparable skill, reputation, and experience in the community performing similar work. *See Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir.2007).

■ Using the prime rate in setting the amount of interest awarded was not an abuse of discretion. Where a court makes an interest adjustment of attorneys' fees to compensate for delay in payment, it is appropriate to use the prime rate. *See id.* at 947; *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1305 (9th Cir.1994).

■ The court's award of compound interest was not an abuse of discretion. Compound prejudgment interest is the norm in federal litigation and the decision whether to award it is left to the trial court's discretion. *See Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.,* 325 F.3d 924, 937–38 & n. 11 (7th Cir.2003) (quoting *West Virginia v. United States,* 479 U.S. 305, 310, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987)).

Finally, the district court did not abuse its discretion in awarding fees for time spent by the Termines' counsel in correcting their fee claim to reflect the proper rate of interest. The cost of adjusting their billing program to use historical prime rates would have been incurred

whether or not the Termines' counsel initially erred.

**AFFIRMED.**