# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2016

Lyle W. Cayce
Clerk

No. 15-30220

TINA M., parent of and Next Friend to S. M.; SHANNON M., parent of and
Next Friend to S. M.,

       Plaintiffs–Appellees,

v.

ST. TAMMANY PARISH SCHOOL BOARD,

       Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, PRADO, and SOUTHWICK, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Plaintiffs–Appellees Tina M. and Shannon M. brought suit on behalf of their minor son seeking attorneys' fees pursuant to the Individuals with Disabilities Education Act's ("IDEA") fee-shifting provision. The district court held that Plaintiffs were the prevailing party by virtue of having obtained a "stay-put" order under the IDEA and awarded Plaintiffs attorneys' fees. Because we hold that obtaining a stay-put order under the IDEA is not sufficient to qualify a litigant as a "prevailing party," we reverse.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs–Appellees Tina M. and Shannon M. are the parents of S. M., a minor with a disability under the IDEA. In response to an incident that

No. 15-30220

occurred away from S. M.'s school, Defendant–Appellant St. Tammany Parish School Board convened an Individualized Education Program meeting where it proposed changing S. M.'s educational plan. Under this new plan, S. M. would no longer attend classes at the school but would instead receive at-home tutoring. S. M.'s mother disagreed with this proposal and refused to consent to the change.

In a letter to the Louisiana Department of Education, Plaintiffs' attorney requested a due process hearing regarding Defendant's decision to change S. M.'s educational program. A hearing was scheduled, and approximately one day before the hearing was to be held, Plaintiffs filed a memorandum of law arguing that pursuant to the IDEA's stay-put provision, S. M. should be permitted to attend classes at the school pending resolution of the dispute.

Shortly after the hearing was held, the Administrative Law Judge ("ALJ") issued a ruling granting Plaintiffs' request for a stay-put order. Citing the IDEA, the ALJ directed that S. M. be permitted to continue with his in-class educational program until a decision on the merits of the dispute was rendered. As the ALJ explained, "[u]nder [the] IDEA, a stay-put order is not a final adjudication of the merits of the issue of retention but serves as injunctive relief during the pendency of the due process action to maintain the status quo." Following this order, the parties reached a settlement through mediation, and Plaintiffs moved to terminate the pending administrative hearing on the merits. Pursuant to Plaintiffs' request, the ALJ terminated the matter and never reached the merits of Plaintiffs' claims.

Subsequently, Plaintiffs filed suit in the Eastern District of Louisiana seeking attorneys' fees related to the administrative proceedings and any additional fees incurred in the instant suit pursuant to the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3). The parties disagreed as to whether Plaintiffs

No. 15-30220

were entitled to attorneys' fees and filed cross-motions for summary judgment on the issue of whether Plaintiffs were the prevailing party. In March 2015, the district court denied Defendant's motion and granted Plaintiffs'. Analogizing the stay-put order issued by the ALJ to a plaintiff successfully obtaining a preliminary injunction, the district court held that Plaintiffs were the prevailing party for purposes of obtaining attorneys' fees under the IDEA. The district court subsequently adopted a magistrate judge's recommendation as to the amount of attorneys' fees to be awarded and entered judgment for Plaintiffs. Defendant appeals the district court's holding that Plaintiffs are the prevailing party.

## II.　JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

"We review a district court's grant of summary judgment *de novo.*" *Morris v. Equifax Info. Servs., LLC,* 457 F.3d 460, 464 (5th Cir. 2006). A court should grant summary judgment if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Whether a party is a 'prevailing party' entitled to fees is a legal question that the court reviews *de novo.*" *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015).

## III.　DISCUSSION

Under the IDEA, a court may "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). For purposes of this provision, "a litigant must attain some judicial imprimatur on a material alteration of the legal relationship in order to be a prevailing party." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009). That is, the party must have

3

"obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *Id.* (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001)). Because the stay-put order issued by the ALJ does not satisfy this test, Plaintiffs are not the prevailing party and are not entitled to attorneys' fees.

Contrary to the district court's conclusion, the ALJ's stay-put order was not a ruling on the merits. The IDEA's stay-put provision provides in relevant part that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). "The injunction is automatic . . . ." *Wagner v. Bd. of Educ. of Montgomery Cty.*, 335 F.3d 297, 301 (4th Cir. 2003). "It guarantees an injunction that prohibits a school board from removing the child from his or her current placement during the pendency of the proceedings." *Id.* "Thus, when presented with an application for section 1415(j) relief, a district court should simply determine the child's then-current educational placement and enter an order maintaining the child in that placement." *Id.* Indeed, the ALJ's order here, which repeatedly noted that "the question of stay-put is procedural and not a determination on the merits of the case," clearly reflects that there is no merits component to this analysis.

Nor is the stay-put order a "similar form of judicially sanctioned relief" sufficient to confer prevailing party status. In *Buckhannon*, the Supreme Court held that to be a prevailing party a litigant must have achieved a "material alteration of the legal relationship of the parties." 532 U.S. at 604 (quoting *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93 (1989)). This "requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* at 603 (quoting *Hewitt v.*

No. 15-30220

*Helms,* 482 U.S. 755, 760 (1987)). Unlike a judgment on the merits or a consent decree, the relief obtained here was an automatic stay that did not address the merits or permanently alter the legal relationship of the parties. Rather, it merely provided that S. M. could continue with his prior educational program until a decision on the merits was made.

We also disagree with the district court's reasoning that the stay-put order was essentially a preliminary injunction and that pursuant to our case law in this context, Plaintiffs were entitled to attorneys' fees. A party that successfully obtains a preliminary injunction must have "establish[ed] that he is likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Conversely, as the ALJ explained here, the IDEA's stay-put provision is an "automatic" "procedural safeguard." As such, obtaining a stay-put order under the IDEA does not require a showing on the merits. *See, e.g.*, *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009) ("A motion for stay put functions as an 'automatic' preliminary injunction, meaning that the moving party need not show the traditionally required factors (e.g., irreparable harm) in order to obtain preliminary relief."); *Wagner*, 335 F.3d at 301 (explaining that a party seeking a stay-put order need "not meet the usual requirements for obtaining preliminary injunctive relief" (quoting *Drinker ex rel. Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 (3rd Cir. 1996))).

Moreover, in *Davis v. Abbott*, we recently reiterated the importance of a party having achieved relief on the merits for the purposes of determining prevailing party status in the context of interlocutory injunctive relief. *See* 781 F.3d at 216. As we noted, "to qualify as a prevailing party in the preliminary-injunction context," the preliminary injunction must have been "based upon an unambiguous indication of probable success on the merits of the plaintiff's

5

claims as opposed to a mere balancing of the equities in favor of the plaintiff." *Id.* (quoting *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008)). Rejecting the plaintiffs' argument that they were the prevailing parties, we held that the plaintiffs had failed to satisfy this requirement because in ruling on the preliminary injunction, "the district court's analysis did not touch the merits . . . in any way." *Id.* at 217. Rather, like the ALJ here, the district court in *Davis* repeatedly noted that its order for interlocutory relief "[was] not a final ruling on the merits of any claims asserted by the Plaintiffs in this case or any of the other cases associated with this case." *Id.* at 218.

Our holding that Plaintiffs are not the prevailing party by virtue of having invoked the IDEA's stay-put provision is consistent with several other circuit courts that have addressed this issue.[*] For instance, in *Board of Education of Downers Grove Grade School District No. 58 v. Steven L.*, 89 F.3d 464 (7th Cir. 1996), the school district decided to alter the educational program of a student who was partially learning disabled. *Id.* at 465–66. The student's

---

[*] Conversely, the cases cited by Plaintiffs are either readily distinguishable or no longer good law. *See Termine ex rel. Termine v. William S. Hart Union High Sch. Dist.*, 288 F. App'x 360, 362 (9th Cir. 2008) (finding prevailing party status where the plaintiffs obtained not only a stay-put order, but also a ruling on the merits that the school's proposed placement was inappropriate and tuition reimbursement); *Me. Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 15–16 (1st Cir. 2003) (noting that while "a successful invocation of the IDEA's stay-put provision, on an interlocutory basis, ordinarily will not confer prevailing party status," this case "is not cut from the usual cloth" as it involved "an independent, free-standing civil action, instituted by the School District"); *Douglas v. D.C.*, 67 F. Supp. 3d 36, 39–41 (D.D.C. 2014) (noting that in addition to granting a stay-put order, the district court also granted the plaintiff's request for a preliminary injunction); *Dep't of Educ. Haw. v. C.B. ex rel. Donna B.*, No. CIV. 11-00576, 2013 WL 704934, at *4–5 (D. Haw. Feb. 26, 2013) (noting that while "establishing entitlement to 'stay-put' protection does not give rise to entitlement as a 'prevailing party' to recover attorney's fees" this case was different as the plaintiffs had obtained a ruling that the student had been "denied . . . a free and approcate public education" and the issue of a stay-put order was "vigorously" litigated before the district court); *K.R. ex rel. M.R. v. Bd. of Educ. of Brentwood Union Free Sch. Dist.*, 66 F. Supp. 2d 444, 449–50 (E.D.N.Y. 1999) (applying a theory of determining prevailing party status that was rejected by the Supreme Court in *Buckhannon*).

6

parents objected and invoked the IDEA's stay-put protections. *Id.* at 468. Based on their successful request for a stay-put order, the parents sought attorneys' fees as the prevailing party. *Id.* at 468–69. The Seventh Circuit rejected their claim, holding that "[t]he law does not view [the student's] parents as a prevailing party . . . because their only ultimate victory under the IDEA is the invocation of the stay-put provision." *Id.* at 469.

In *Board of Education of Oak Park v. Nathan R.*, 199 F.3d 377 (7th Cir. 2000), the student was expelled for possessing marijuana on school grounds. *Id.* at 379. The student's parents sought and received a stay-put order from an administrative officer directing that the student be allowed to return to school. *Id.* The parents subsequently filed a claim in federal court requesting attorneys' fees based solely on their successful request for a stay-put order. *Id.* at 382. Addressing the precise question at issue here, "whether the Parents are entitled to attorney's fees for the invocation of stay-put placement," the Seventh Circuit stated that "the Parents are not prevailing parties and are not entitled to attorneys' fees." *Id.* at 378–79. The court held that while the student was permitted to stay in school pending the resolution of the matter—and even graduated while the matter was pending—this "does not rise to the level of an enforceable judgment, consent-decree, or settlement that materially alters the relationship between the parties." *Id.* at 382. Rather, "[t]he relief the Parents received was only interim in nature, and . . . the receipt of interim relief does not qualify a party for attorneys' fees." *Id.*

*J.O. ex rel. C.O. v. Orange Township Board of Education*, 287 F.3d 267 (3d Cir. 2002), similarly mirrors the case at hand. In *J.O.*, the school district sought to change the student's educational program from in-class to at-home instruction. *Id.* at 270. The student's mother petitioned the New Jersey Department of Education seeking an interlocutory order requiring the

defendant to allow the student to return to school. *Id.* After this request was granted, the student's mother filed suit seeking attorneys' fees. *Id.* at 270–71. The district court denied the claim for attorneys' fees and the Third Circuit affirmed. *Id.* at 272, 274. In doing so, the Third Circuit rejected an argument nearly identical to the one advanced by Plaintiffs here: that they are the prevailing party because getting their child back into the school pending resolution of the matter was one of their primary goals. *See id.* at 272–74. As the Third Circuit explained: "We do not deprecate the importance of interim relief of the type received by appellants. The maintenance of a child's educational placement is an important aspect of [the] IDEA." *Id.* at 274. However, "a party cannot be a prevailing party if the interim relief received is not merit-based." *Id.* at 273.

## IV.  CONCLUSION

For the foregoing reasons, the district court is reversed and judgment is rendered for Defendant and against Plaintiffs.