# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30646

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2018

Lyle W. Cayce
Clerk

FISK ELECTRIC COMPANY,

      Plaintiff – Appellee,

v.

DQSI, L.L.C.,

      Defendant – Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2315

Before KING, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

This appeal concerns the denial of a motion under Federal Rule of Civil Procedure 54(d) for attorneys' fees and related costs. A subcontractor performed electrical work for a general contractor on a post-Hurricane Katrina federal construction project. The subcontractor later sued the general contractor in federal district court for fraudulently inducing it into entering a settlement agreement releasing the general contractor from liability under the

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

## No. 17-30646

Miller Act—a federal statute that requires general contractors to secure payment to subcontractors on most federal construction projects. In a related appeal, 17-30091, *Fisk Electric Co. v. DQSI, L.L.C. et al.*, we reversed the district court's grant of summary judgment to the general contractor, holding that there is a genuine issue of material fact on the subcontractor's claim for fraudulent inducement into the settlement agreement. Here, the general contractor appeals from the district court's judgment denying its post-summary-judgment motion for attorneys' fees and related costs. Because we reversed and remanded for further proceedings in the related summary-judgment appeal, we VACATE and REMAND in the instant appeal, as well.

## I.

DQSI, L.L.C., the general contractor here, contracted with the United States Army Corps of Engineers to perform work on a post-Hurricane Katrina pump station construction project. DQSI subcontracted with Fisk Electric Company; Fisk was to perform electrical work on the project. The subcontract allowed Fisk to assert claims for money damages for unforeseen delays not caused by Fisk. The project was delayed over a year, and Fisk sought delay damages. Fisk alleges it was never paid.

After filing a lawsuit against DQSI, Fisk and DQSI entered into a settlement agreement. As part of the settlement, Fisk and DQSI agreed to various mutual releases of liability. In consideration of the releases, DQSI agreed to submit to the Corps a "Request for Equitable Adjustment" requesting delay damages on Fisk's behalf. (As a subcontractor, Fisk had no direct relationship with the Corps.) Fisk contends that DQSI assured it that such a request was still viable and that, based on these representations, Fisk agreed to settle the lawsuit. According to Fisk, DQSI knew at the time of settlement that no such request for delay damages was possible because DQSI had previously waived Fisk's right to seek the delay damages. Fisk sued DQSI and

2

No. 17-30646

DQSI's surety to rescind the settlement agreement based on fraud and to recover delay damages under the Miller Act.[1]  Fisk also asserted breach of contract and unjust enrichment as alternative claims.

The district court granted summary judgment to DQSI, holding that there was no genuine issue of material fact on the element of justifiable reliance in Fisk's fraudulent-inducement claim.  DQSI then requested an award of attorneys' fees and related costs based on the subcontract under Federal Rule of Civil Procedure 54(d)(2), but the district court denied this motion.[2]  The district court first determined that the settlement agreement, not the subcontract, governed the current relationship between the parties.  The district court then concluded that because the settlement agreement "does not allow for an award of attorneys' fees," DQSI's motion for attorneys' fees failed.  In addition, the district court determined that Fisk's lawsuit "was not baseless or vexatious and DQSI should not be awarded attorneys' fees based on equity."  In light of "convincing evidence of questionable business practices that are against the public's interest," the district court denied DQSI an award of attorneys' fees.  Thereafter, DQSI timely appealed.

## II.

"Awards of attorneys' fees are generally reviewed for abuse of discretion, but application of the correct legal standard is reviewed *de novo*."  *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915,

---

[1] 40 U.S.C. § 3131, *et seq.*  "The Miller Act requires general contractors on most federal construction projects to furnish a bond for performance and to secure payment to all suppliers of labor and materials."  *J.D. Fields & Co. v. Gottfried Corp.*, 272 F.3d 692, 696 (5th Cir. 2001).

[2] Rule 54(d)(2) concerns claims for attorneys' fees and "related nontaxable expenses," and generally requires a party to request such fees by motion.  Fed. R. Civ. P. 54(d)(2)(A).  By contrast, Rule 54(d)(1) concerns costs "other than attorney's fees" and generally provides that these costs should be "allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).

918 (5th Cir. 1998). "Whether a party is a 'prevailing party' entitled to fees is a legal question that the court reviews *de novo*." *Tina M. v. St. Tammany Par. Sch. Bd.*, 816 F.3d 57, 59 (5th Cir.) (quoting *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015)), *cert. denied*, 137 S. Ct. 371 (2016). We review a denial of attorneys' fees provided by contract for abuse of discretion. *McDonald's Corp. v. Watson*, 69 F.3d 36, 45 (5th Cir. 1995). "The district court abuses its discretion if it awards contractually-authorized attorneys' fees under circumstances that make the award inequitable or unreasonable or fails to award such fees in a situation where inequity will not result." *Id.* at 45–46.

## III.

"It is undisputed that attorneys' fees can not be awarded in Miller Act claims absent an enforceable contract provision or evidence of bad faith." *Varco Pruden Bldgs.*, 161 F.3d at 918; *see also F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 126–31 (1974). "The so-called 'American Rule' governing the award of attorneys' fees in litigation in the federal courts is that attorneys' fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" *F.D. Rich Co.*, 417 U.S. at 126 (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). "[A]ttorney's fees, as an element of damages, are a matter of substantive state law." *Gulf Union Indus., Inc. v. Formation Sec., Inc.*, 842 F.2d 762, 766 (5th Cir. 1988). Under Louisiana law, attorneys'-fee awards are allowed when authorized by statute or contract. *See La., Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441 (La. 1992). "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees that it has when applying a statute allowing for a discretionary award." *Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. 1980). "Nevertheless, a court in its sound discretion may decline to award attorney's fees authorized by a contractual

provision when it believes that such an award would be inequitable and unreasonable." *Id.*

Here, DQSI contends that there is an enforceable contract providing for an award of attorneys' fees and related costs—the subcontract. Article 23(H) of the subcontract provides that the prevailing party in an action to enforce any provision of the subcontract or in an action alleging breach of the subcontract shall be entitled to reasonable attorneys' fees, court costs, and costs of appeal.[3] In its order denying an award of attorneys' fees, the district court reasoned that "[e]ven though the lawsuit in question was based on an alleged violation of the subcontract, which allowed for attorneys' fees, the Court's Summary Judgment decision affirmed the validity of the parties['] previously reached settlement agreement." Because it determined that the settlement agreement addresses all potential claims, does not provide for an award of attorneys' fees, and is "the controlling agreement" between the parties, the district court concluded that DQSI was not entitled to an attorneys'-fee award.

Because we reversed the grant of summary judgment to DQSI in the related appeal, Fisk may proceed to trial on its claim for rescission of the settlement agreement based on fraudulent inducement. DQSI is no longer a prevailing party at this stage of the litigation. *See Tina M.*, 816 F.3d at 60 (stating that to be a prevailing party, a litigant must "receive at least some relief on the merits of his claim" (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001))). Given that the district court denied DQSI an attorneys'-fee award in part because of its decision upholding the validity of the settlement agreement—and because of our determination in the related appeal that summary judgment was not

---

[3] The subcontract states that Louisiana law governs its provisions.

warranted—any consideration of attorneys' fees and related costs here is premature.[4]

Accordingly, we VACATE and REMAND to the district court for further proceedings.

---

[4] We do not hold that the district court abused its discretion in denying DQSI an award of attorneys' fees after granting summary judgment to DQSI. The district court declined to award attorneys' fees to DQSI in part because of "convincing evidence of questionable business practices that are against the public's interest." Even assuming *arguendo* that the subcontract's provision regarding attorneys' fees governed the relationship between Fisk and DQSI at the time of the district court's order, "a court in its sound discretion may decline to award attorney's fees authorized by a contractual provision when it believes that such an award would be inequitable and unreasonable." *Cable Marine*, 632 F.2d at 1345 (affirming a decision denying plaintiff attorneys' fees where plaintiff may have "incurr[ed] needless expense" by rejecting a generous settlement offer and continuing to pursue litigation). Moreover, the presumption that a prevailing party is entitled to costs does not extend to attorneys' fees. *Cf.* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—*other than attorney's fees*—should be allowed to the prevailing party." (emphasis added)). *Compare* 10 Charles Alan Wright et al., Federal Practice & Procedure § 2675 (3d ed.) (stating that "counsel fees ordinarily are not taxable as costs"), *with* 10 Charles Alan Wright et al., Federal Practice & Procedure § 2668 (3d ed.) (stating that "in most instances a person who succeeds in a lawsuit will be deemed a prevailing party and be entitled to have his or her costs paid by the losing party").